Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN**

In re:
**Robert C Nelson**
**Cheryl R Nelson**

Dated: **November 27, 2013**

DEBTOR    Case No.

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **550.00** per **Month** for **60** months, beginning within 30 days after the order for relief for a total of $ **33,000.00** . The minimum plan payment length is __ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **33,000.00**  [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **3,300.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| -NONE- | $ | | $ |
| **a.** TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **a.** **TCF NATIONAL BANK** | $ 1,974.00 | $ 73.11 | 7 | 27 | $ 1,974.00 |
| **b.** TOTAL | | | | | $ 1,974.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | | | $ |
| **a.** TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

|   | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) | = Pmnts on Account of Claim | + (Adq. Prot. from ¶ 3) | = TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | First USA | $ 8,197.00 | $ 6,775.00 | 5 | 7 | $ 272.36 | 27 | $ 7,353.78 | $ 0.00 | $ 7,353.78 |
| b. | Gateway One Lending & Finance | $ 3,475.00 | $ 3,475.00 | 5 | 7 | $ 139.70 | 27 | $ 3,771.86 | $ 0.00 | $ 3,771.86 |
| c. | TOTAL | | | | | | | | | $ 11,125.64 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | **Attorney Fees** | $ 3,000.00 | $ 428.57 | 1 | 7 | $ 3,000.00 |
| b. | **Internal Revenue Service** | $ 980.00 | $ 326.67 | 33 | 3 | $ 980.00 |
| c. | TOTAL | | | | | $ 3,980.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

|   | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
|   | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **12,620.36**   [line 1(d) minus lines 2, 6(b), 7(a), 8(c), 9(c) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **1,422.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **120,640.42** .

   c. Total estimated unsecured claims are $ **122,062.42**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under  ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
    **Special Intentions:**
    **TCF NATIONAL BANK: Debtor intends to avoid lien under 522(f)(1) or 522(f)(2).**
    **1.  AVOIDANCE OF SECOND MORTGAGE HELD BY TCF NATIONAL BANK UNDER SECTION 506**

    **CONFIRMATION OF THIS PLAN WITHOUT OBJECTION BY TCF NATIONAL BANK, OR OVER THE OBJECTION OF TCF NATIONAL BANK SHALL CONSTITUTE A FINDING BY THE COURT THAT THERE IS NO EQUITY IN THE DEBTORS' RESIDENTIAL REAL ESTATE LOCATED AT 700 MAIN STREET WEST, CARVER, MN 55315, OVER AND ABOVE THE FIRST MORTGAGE IN FAVOR OF TCF NATIONAL BANK, OR ITS ASSIGNEES, TO WHICH THE LIEN OF THE SECOND MORTGAGE CAN ATTACH.  THE ORDER CONFIRMING THE PLAN SHALL CONSTITUTE A FINDING BY THE BANKRUPTCY COURT THAT THE FAIR MARKET VALUE OF THE REAL ESTATE IS $95,000.00; AND THAT THE BALANCE OWED TO TCF NATIONAL BANK OR ITS ASSIGNEES ON THE FIRST MORTGAGE IS $97,551.00; THEREFORE THE CLAIM OF TCF NATIONAL BANK FOR THE SECOND MORTGAGE IS WHOLLY UNSECURED, WITHIN THE MEANING OF 11 U.S.C.SECTION 506.  THE REAL ESTATE LOCATED AT 700 MAIN STREET WEST, CARVER, MN 55315, SHALL VEST IN THE DEBTORS FREE AND CLEAR OF THE SECOND MORTGAGE UPON COMPLETION OF ALL PAYMENTS DUE TO THE TRUSTEE UNDER THE PLAN, TCF NATIONAL BANK SHALL CANCEL THE SECOND MORTGAGE WITHIN 20 DAYS AFTER THE TRUSTEE'S FINAL REPORT TO THE COURT SHOWING COMPLETION OF THE PLAN.  IF TCF BANK FAILS TO CANCEL THE SECOND MORTGAGE, DEBTORS MAY OBTAIN AN ORDER AND JUDGMENT VOIDING THE SECOND MORTGAGE.**

**2. TAX REFUNDS** - The Debtors shall send the Trustee each year during the Ch 13 Plan complete copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of THIS Chapter 13 case and shall be entitled to retain the first $2,400.00 plus any earned income credit (EIC). Any remaining amounts shall be turned over the the Chapter 13 plan as additional plan payments.

**14. SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 3,300.00 |
| Home Mortgage Defaults [Line 6(b)] | $ 1,974.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(c)] | $ 11,125.64 |
| Priority Claims [Line 9(c)] | $ 3,980.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 12,620.36 |
| **TOTAL [must equal Line 1(d)]** | **$ 33,000.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Jay A. Benson**
**Jay A. Benson Law Office PLLC**
**7955 Stone Creek Drive #10**
**Chanhassen, MN 55317**
**952-949-8983**
**227432**

Signed   **/s/ Robert C Nelson**
**Robert C Nelson**
DEBTOR

Signed   **/s/ Cheryl R Nelson**
**Cheryl R Nelson**
DEBTOR (if joint case)