## Jay A. Benson Law Office PLLC

7955 Stone Creek Drive #10
Chanhassen, MN  55317
(952) 949-8983 (phone)
(952) 975-9963 (fax)
jbenson@chanhassenlawyers.com

February 14, 2014

## NOTICE OF HEARING ON
## CONFIRMATION OF PRE-CONFIRMATION AMENDED
## CHAPTER 13 PLAN

**ROBERT C. NELSON**
**CHERYL R. NELSON**

**CHAPTER 13  BANKRUPTCY #13-45788  KHS**

Dear Interested Party:

Enclosed and served upon you is a copy of the Pre-Confirmation Amended Chapter 13 Plan, dated February 14, 2014.  Also enclosed are Amended Schedules A, B, and C, Amended Statement of Compensation of Attorney and Amended Form B22C.

The Hearing on Confirmation of the Pre-Confirmation Modified Plan is scheduled for March 20, 2014 at 10:30 a.m. at the US Bankruptcy Court, Courtroom 8 West, US Courthouse, 300 S. 4th Street, Minneapolis, MN  55415.

Sincerely,

/e/ Jay A. Benson

Attorney at Law

cc:    Clerk of United States Bankruptcy Court
       Trustee Burrell
       Robert and Cheryl Nelson

Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**PRE-CONFIRMATION AMENDED CHAPTER 13 PLAN**

In re:
**Robert C Nelson**
**Cheryl R Nelson**

Dated: February 14, 2014

DEBTOR    Case No. **13-45788**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **550.00** per **Month** for **60** months, beginning within 30 days after the order for relief for a total of $ **33,000.00** . The minimum plan payment length is __ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **33,000.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **3,300.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | a. TCF NATIONAL BANK | $ 1,974.00 | $ 70.50 | 8 | 28 | $ 1,974.00 |
   | b. TOTAL | | | | | $ 1,974.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |
   | a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

|   | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | First USA | $ 8,197.00 | $ 6,775.00 | 5 | 8 | $ 264.44 | 28 | $ 7,404.39 | $ 0.00 | $ 7,404.39 |
| b. | Gateway One Lending & Finance | $ 3,475.00 | $ 3,475.00 | 5 | 8 | $ 135.64 | 28 | $ 3,797.84 | $ 0.00 | $ 3,797.84 |
| c. | TOTAL | | | | | | | | | $ 11,202.23 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $ 3,781.00 | $ 472.63 | 1 | 8 | $ 3,781.00 |
| b. | Internal Revenue Service | $ 980.00 | $ 326.67 | 35 | 3 | $ 980.00 |
| c. | TOTAL | | | | | $ 4,761.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

|   | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
|   | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **11,762.77**   [line 1(d) minus lines 2, 6(b), 7(a), 8(c), 9(c) and 10(a)].

   a.   The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **1,422.00** .

   b.   The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **120,640.42** .

   c.   Total estimated unsecured claims are $ **122,062.42**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —

    **1.   AVOIDANCE OF SECOND MORTGAGE HELD BY TCF NATIONAL BANK UNDER SECTION 506**

    **THE DEBTORS' RESIDENTIAL PROPERTY LOCATED AT 700 MAIN STREET WEST, CARVER, MN 55315 AND LEGALLY DESCRIBED AS LISTED IN SCHEDULE A OF THE DEBTORS' BANKRUPTCY SCHEDULES, IS ENCUMBERED BY A FIRST MORTGAGE HELD BY TCF NATIONAL BANK AND A SECOND MORTGAGE RECORDED AS DOCUMENT 449904 AND ALSO HELD BY TCF NATIONAL BANK.  THE DEBTORS SHALL FILE A MOTION PURSUANT TO 11 U.S.C. 506(a) FOR DETERMINATION THAT THE CLAIM OF TCF NATIONAL BANK FOR THE SECOND MORTGAGE IS UNSECURED IN ITS ENTIRETY AND THEREFORE VOID PURSUANT TO 11 U.S.C. 506(d).  IF THE MOTION IS GRANTED, THE CHAPTER 13 TRUSTEE SHALL TREAT ANY TIMELY CLAIM RELATIVE TO TCF NATIONAL BANK'S SECOND MORTGAGE AS AN UNSECURED CLAIM.  UPON A FINDING OF THE BANKRUPTCY COURT THAT THE TCF'S CLAIM RELATIVE TO THE SECOND MORTGAGE LOAN IS WHOLLY UNSECURED AND UPON DEBTORS'  COMPLETION OF ALL PAYMENTS UNDER THE PLAN, TCF, OR ITS ASSIGNEE, SHALL PROVIDE THE DEBTORS WITH A RELEASE OR SATISFACTION OF MORTGAGE LIEN IN RECORDABLE FORM.  IF THE SECOND MORTGAGEE, TCF NATIONAL BANK, OR ITS ASSIGNEE, FAILS TO PROVIDE SAID DOCUMENT WITHIN 20 DAYS AFTER THE TRUSTEE'S FINAL REPORT TO THE COURT SHOWING COMPLETION OF THE PLAN, THE DEBTORS MAY SEEK SUPPLEMENTAL RELIEF PURSUANT TO LOCAL RULE 3012-1(F).**

**2. TAX REFUNDS** - The Debtors shall send the Trustee each year during the Ch 13 Plan complete copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of THIS Chapter 13 case and shall be entitled to retain the first $2,000.00 plus any earned income credit (EIC). Any remaining amounts shall be turned over the the Chapter 13 plan as additional plan payments.

**14. SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 3,300.00 |
| Home Mortgage Defaults [Line 6(b)] | $ 1,974.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(c)] | $ 11,202.23 |
| Priority Claims [Line 9(c)] | $ 4,761.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 11,762.77 |
| **TOTAL [must equal Line 1(d)]** | $ **33,000.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Jay A. Benson #227432
Jay A. Benson Law Office PLLC
7955 Stone Creek Drive #10
Chanhassen, MN 55317
952-949-8983
227432**

Signed  **/s/ Robert C Nelson**
  **Robert C Nelson**
  DEBTOR

Signed  **/s/ Cheryl R Nelson**
  **Cheryl R Nelson**
  DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Robert C. Nelson,**
**Cheryl R. Nelson**

Case No. BKY 13-45788-KHS

**Debtors**                         Chapter 13 Case

___

**UNSWORN CERTIFICATE OF SERVICE**
___

I, Jay A. Benson, declare under penalty of perjury that on February 14, 2014, I mailed a copy of the following:

**Amended Schedules A, B, and C**
**Notice of Hearing for Amended Chapter 13 Plan**
**Amended Chapter 13 Plan**
**Amended Statement of Compensation of Attorney**
**Amended Form B22C**

by first class mail postage prepaid to each entity named below at the address stated below for each entity listed:

All entities on the attached schedule.

And delivered by e-mail notification under CM/ECF on the day e-filed with the Court to each of the following entities:

Gregory A. Burrell, Chapter 13 trustee

US Trustee

Executed on February 14, 2014.

/e/ Jay A. Benson
Jay A. Benson #227432
Jay A. Benson Law Office, PLLC
7955 Stone Creek Drive, Suite 10
Chanhassen, MN 55317
(952) 949-8983

Comenity Bank/lnbryant
4590 E Broad St
Columbus OH 43213

Discover Fin Svcs LLC
PO Box 15316
Wilmington DE 19850

First USA
Attn: Bankruptcy
PO Box 15298
Wilmington DE 19850

Gateway One Lending & Finance
1601 Riverview Dr Ste 100
Anaheim CA 92808

GECRB/JC Penny
Attn: Bankruptcy
PO Box 103104
Roswell GA 30076

Internal Revenue Service
30 E. 7th St. Suite 1222
Saint Paul MN 55101

Klein Bank
1550 Audubon Rd
Chaska MN 55318

Kohls/capone
PO Box 3115
Milwaukee WI 53201

Messerli and Kramer
3033 Campus Drive #250
Plymouth MN 55441

Midland Funding LLC
3111 Camino Del Rio N Ste 1300
San Diego CA 92108

Sears/cbna
PO Box 6189
Sioux Falls SD 57117

TCF National Bank
Attn: Legal Dept.
801 Marquette Ave
Minneapolis, MN 55402

US Bank /NA ND
4325 17th Ave S
Fargo, ND 58125

Worlds Foremost Bank N
PO Box 82608
Lincoln, NE 68521

Foley & Mansfield PLLP
Thomas J. Lallier, Esq.
250 Marquette Ave, Ste. 1200
Minneapolis, MN 55401

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
    Robert C Nelson
    Cheryl R Nelson
        Debtor(s).

SIGNATURE DECLARATION

Case No. 13-45788

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☒ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS - SCHEDULES A, B, AND C
☒ MODIFIED CHAPTER 13 PLAN
☒ OTHER (Please describe: Amended Statement of Compensation of Attorney, Amended Form B22C)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 2·14·14

X /s/ Robert C Nelson
Signature of Debtor or Authorized Representative

X /s/ Cheryl Nelson
Signature of Joint Debtor

Robert C Nelson
Printed Name of Debtor or Authorized Representative

Cheryl R Nelson
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)